1
2
3
4
5
6
7
8        **UNITED STATES DISTRICT COURT**
9        **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   OMAR YASSIN,                                Civil No.    11-0421 LAB (JMA)

12                          Plaintiff,           **ORDER:**

13
                                                 **(1) GRANTING MOTION TO**
14                                               **PROCEED *IN FORMA PAUPERIS***
                                                 **[ECF No. 2];**
15               vs.
                                                 **(2) DENYING MOTION TO**
16                                               **APPOINT COUNSEL [ECF No. 3];**
                                                 **and**
17
     FRED LAWRENCE; SCHOENFELDER;                **(3)DIRECTING U.S. MARSHAL TO**
18   BEVERLY SORIA; SMITH; MATA; C.              **EFFECT SERVICE OF SUMMONS**
     BERRY; FUENTES,                             **AND COMPLAINT PURSUANT TO**
19                                               **FED.R.CIV.P. 4(c)(3)**
                                                 **AND 28 U.S.C. § 1915(d)**
20                          Defendants.

21

22

23        Omar Yassin, a former Bureau of Immigration and Customs Enforcement ("BICE")

24   detainee, has submitted a civil action pursuant to *Bivens v. Six Unknown Named Fed. Narcotics*

25   *Agents*, 403 U.S. 388 (1971).   Plaintiff has not prepaid the $350 filing fee mandated by 28

26   U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

27   to 28 U.S.C. § 1915(a) [ECF No. 2], along with a Motion to Appoint Counsel [ECF No. 3].

28   / / /

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, "[u]nlike other indigent litigants, prisoners proceeding IFP must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Under this definition, "an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA," because deportation proceedings are civil, rather than criminal in nature, and an alien detained pending deportation has not necessarily been "accused of, convicted of, sentenced or adjudicated delinquent for, a violation of criminal law." *Agyeman*, 296 F.3d at 886. Thus, because Plaintiff claims he was civilly detained pursuant to immigration or deportation proceedings, and not a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to him.

Accordingly, the Court has reviewed Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status, *see* S.D. CAL. CIVLR 3.2(d), finds it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action, and hereby **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

/ / /

/ / /

## II.

### MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3]

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## III.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Any complaint filed by a person proceeding IFP is subject to sua sponte dismissal by the Court to the extent it contains claims which are "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*,

1   152 F.3d 1193, 1194 (9th Cir. 1998) (§ 1915(e)(2) "parallels the language of Federal Rule of

2   Civil Procedure 12(b)(6).").

3        Here, the Court finds that Plaintiff's Complaint alleges First Amendment claims sufficient

4   to survive the sua sponte screening required by 28 U.S.C. § 1915(e)(2). Therefore, the Court

5   shall order U.S. Marshal service on Plaintiff's behalf. *See Lopez*, 203 F.3d at 1126-27; 28

6   U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all

7   duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that "service be effected by a United

8   States marshal, deputy Untied States marshal, or other officer specially appointed by the court

9   ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

10  Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is

11  cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant]

12  may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

13                        **IV.**

14                 **CONCLUSION AND ORDER**

15       Good cause appearing, **IT IS HEREBY ORDERED**:

16      1.    Plaintiff's Motion to Appoint Counsel [ECF No. 3] is **DENIED** without prejudice.

17      2.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

18  **GRANTED**.

19       **IT IS FURTHER ORDERED** that:

20      3.    The Clerk shall issue a summons upon Defendants, and forward it to Plaintiff

21  along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk

22  shall provide Plaintiff with a copy of this Order, and copies of his Complaint, summons for

23  purposes of serving each of these Defendants. Upon receipt of this "IFP Package," Plaintiff is

24  directed to complete the Form 285s as completely and accurately as possible, and to return them

25  to the United States Marshal according to the instructions provided by the Clerk in the letter

26  accompanying his IFP package. \Thereafter, the U.S. Marshal shall serve a copy of the

27  Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All

28  costs of service shall be advanced by the United States.

4.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: April 3, 2011

_____
**HONORABLE LARRY ALAN BURNS**
United States District Judge