# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR YASSIN,<br><br>                  Plaintiff,<br><br>vs.<br><br>CORRECTIONS CORPORATION OF AMERICA; FRED LAWRENCE, Warden; DOES 1-20,<br><br>                  Defendants. | Civil No.   11cv0421 LAB (JMA)<br><br>**ORDER:**<br><br>**(1) SUA SPONTE DISMISSING DEFENDANTS SCHOENFELDER; SORIA; SMITH; MATA; C. BERRY; ALL CCA EMPLOYEES; FUENTES PURSUANT TO 28 U.S.C. § 1915(e)(2); AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS LAWRENCE AND CCA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**[ECF Nos. 16, 19]** |

## I.

### PROCEDURAL BACKGROUND

On March 1, 2011, while housed at the San Diego Correctional Facility and in the custody of the Department of Homeland Security, Omar Yassin ("Plaintiff") filed his original Complaint [ECF No. 1]. In addition, Plaintiff filed a Motion to Proceed *in forma pauperis* ("IFP"), along with a Motion to Appoint Counsel [ECF Nos. 2, 3]. The Court granted Plaintiff's Motion to

1  Proceed IFP pursuant to 28 U.S.C. § 1915(a), denied his Motion to Appoint counsel without
2  prejudice and directed the United States Marshal to effect service of the Complaint. *See* Apr.
3  4, 2011 Order at 4-5. Several of the named Defendants filed a Motion to Dismiss the Complaint
4  on June 17, 2011 [ECF No. 11]. Instead of filing an Opposition, Plaintiff chose to file an
5  Amended Complaint [ECF No. 13]. Defendants withdrew their motion in light of the filing of
6  the Amended Complaint.

7  In Plaintiff's First Amended Complaint ("FAC"), the only named Defendants are Fred
8  Lawrence, the Corrections Corporation of America and Does 1 through 20. (*See* FAC at 1, 2.)
9  These Defendants have filed a Motion to Dismiss Plaintiff's First Amended Complaint [ECF
10 Nos. 16, 19]. Plaintiff has filed two Oppositions to which Defendants have filed a Reply [ECF
11 Nos. 25, 27, 28].

12 The Court has determined that Defendants' Motions are suitable for disposition upon the
13 papers without oral argument and that no Report and Recommendation from Magistrate Judge
14 Jan M. Adler is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.

### SUA SPONTE DISMISSAL

17 As an initial matter, the Court notes that Plaintiff has failed to rename Defendants
18 Schoenfelder, Soria, Smith, Mata, Berry, All CCA Employees and Fuentes in his First Amended
19 Complaint. Thus, the claims against these Defendants have been waived and these Defendants
20 are **DISMISSED** from this action. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## III.

### PLAINTIFF'S FACTUAL ALLEGATIONS

23 Plaintiff was initially detained at the Corrections Corporation of America ("CCA") on
24 December 20, 2010 "for a number of months." (FAC at ¶ 13.) Immediately upon arrival at the
25 facility, "Plaintiff requested a halal meal" but was told that "one would not be provided." (*Id.*
26 at ¶14.) Plaintiff initially appealed this denial verbally but when that avenue provided no results,
27 Plaintiff began to file written grievances. (*Id.*). In response to his final grievance, Plaintiff
28 alleges that Defendant Warden came to visit him and stated "look, the bottom line is that it's all

about money" and he did not have enough funds in his budget to purchase "halal meals for 300 Muslin inmates" that are in the custody of the CCA. (*Id.* at ¶ 17.) Plaintiff pointed out to Defendant Lawrence that CCA provides kosher meals to Jewish inmates but Lawrence responded "that is just the way it is, sorry." (*Id.*)

## IV.

### DEFENDANTS' MOTION TO DISMISS

**A.     FED.R.CIV.P. 12(b)(6) Standard of Review**

A Rule 12(b)(6) dismissal may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In other words, the plaintiff's complaint must provide a "short and plain statement of the claim showing that [he] is entitled to relief." *Id.* (citing FED.R.CIV.P. 8(a)(2)).  "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation marks omitted).

A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) .

In addition, factual allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines,* 404 U.S. at 519-20.  Thus, where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *See Karim-Panahi*, 839 F.2d at 623.

/ / /

/ / /

1 | Nevertheless, and in spite of the deference the court is bound to pay to any factual allegations made, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Nor must the court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001); *see also Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

**B.     Claims against Defendant CCA**

First, Defendant CCA moves to dismiss the action against them pursuant to Federal Rules of Civil Procedure 12(b)(2) for "lack of personal jurisdiction because no Summons was ever served upon CCA requiring any response to the Amended Complaint." (Defs.' Memo. of Ps & As in Support of Mtn to Dismiss at 11.)

"The plaintiff is responsible for having the summons and complaint served within [120 days of filing] and must furnish the necessary copies to the person who makes the service." FED.R.CIV.P. 4(c)(1). "In the absence of service of process (or waiver of service by the defendant)," under FED.R.CIV.P. 4, "a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Mississippi Pub. Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court ... asserts jurisdiction over the party served.").

First, a review of the Court's docket indicates that a summons was not issued as to Defendant CCA. Second, Plaintiff makes no argument in his Oppositions to rebut Defendant CCA's showing that they were never properly served with either Plaintiff's original Complaint

or his First Amended Complaint. Accordingly, the Court hereby DISMISSES all claims against purported Defendant CCA pursuant to FED.R.CIV.P. 4(c)(1) & (m). However, the Court will also consider the merits of the claims made against Defendant CCA.

### C.     Claims pursuant to Federal Tort Claims Act, 42 U.S.C. § 1983 and Bivens

Plaintiff purports to bring this action against CCA and Defendant Lawrence pursuant to the Federal Tort Claims Act ("FTCA"), 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (FAC at 3.)

First, Plaintiff has not named the proper party to bring this action pursuant to the FTCA. The FTCA provides a remedy "for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission" of a federal employee. 28 U.S.C. § 2672. However, the FTCA provides that the exclusive remedy for torts committed by federal employees is a suit against the United States. 28 U.S.C. § 2679(b)(1). The sole Defendant in a claim under the FTCA is the United States and Plaintiff failed to name the United States as a Defendant in this matter. *See* 28 U.S.C. §§ 1346(b), 2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984). Thus, Plaintiff's claims brought pursuant to the FTCA are sua sponte DISMISSED pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff also purports to bring this action pursuant to both 42 U.S.C. § 1983 and *Bivens*. Plaintiff was an detainee housed under the authority of the Department of Homeland Security who contracted with CCA, a private corporation, to operate the facility. Plaintiff cannot bring a § 1983 claim against either CCA or Defendant Lawrence as these Defendants are Federal, not State, actors. Thus, the Court will consider Plaintiff's claims against CCA and Lawrence to arise under *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

1    *Bivens* provides that "federal courts have the inherent authority to award damages against
2    federal officials to compensate plaintiffs for violations of their constitutional rights." *Western*
3    *Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000). However, a *Bivens*
4    action may only be brought against the responsible federal official in his or her individual
5    capacity. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). *Bivens* does not
6    authorize a suit against the government or its agencies for monetary relief. *FDIC v. Meyer*, 510
7    U.S. 471, 486 (1994); *Thomas-Lazear v. FBI*, 851 F.2d 1202, 1207 (9th Cir. 1988); *Daly-*
8    *Murphy*, 837 F.2d at 355. Nor does *Bivens* provide a remedy for alleged wrongs committed by
9    a private entity, such as CCA, alleged to have denied Plaintiff's constitutional rights under color
10   of federal law. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001) ("'[T]he purpose
11   of *Bivens* is to deter *the officer*,' not the agency.") (quoting *Meyer,* 510 U.S. at 485); *Malesko*,
12   534 U.S. at 66 n.2 (holding that *Meyer* "forecloses the extension of *Bivens* to private entities.").
13   In addition, Plaintiff purports to bring a cause of action pursuant to 42 U.S.C. § 1981
14   against both parties. (FAC at 8.) Section 1981 only prohibits racial discrimination. *See Shah*
15   *v. Mt. Zion Hospital and Medical Center*, 642 F.2d 268, 272 (1981). Here, Plaintiff's allegations
16   raise only religious discrimination.
17   Accordingly, the Court **GRANTS** Defendant CCA's Motion to Dismiss all of Plaintiff's
18   § 1983 claims and *Bivens* claims against them pursuant to FED.R.CIV.P. 12(b)(6). The Court
19   **GRANTS** Defendant Lawrence's Motion to Dismiss Plaintiff's § 1983 claims against him.
20   Finally, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's § 1981 claims.
21   **D.    Count 1 - Religious Statutory Claims**
22   Plaintiff purports to bring a cause of action under the Religious Land Use and
23   Institutionalized Persons Act of 2001 ("RLUIPA), however, the proper statutory cause of action
24   is the Religious Freedom Restoration Act of 1993 ("RFRA") as Plaintiff is only seeking to hold
25   federal actors liable in this action. The Supreme Court had previously held RFRA to be
26   "unconstitutional as applied to state and local governments because it exceeded Congress' power
27   under § 5 of the Fourteenth Amendment." *Sossamon v. Texas*, 131 S.Ct. 1651, 1656 (2011);
28   *citing City of Boerne v. Flores*, 521 U.S. 507 (1997).

1     After parts of RFRA were found to be unconstitutional, "Congress responded by enacting
2  RLUIPA," which is applied to state and local governments, while RFRA "continues to apply to
3  the Federal Government." *Id.*  Thus, because Plaintiff is bringing claims against federal actors,
4  the Court will consider Plaintiff's statutory religious claims to arise under RFRA.
5     RFRA provides that the government "shall not substantially burden a person's exercise
6  of religion" unless the laws are the "least restrictive means" of furthering a "compelling
7  governmental interest." 42 U.S.C. § 2000bb-1(a)-(b).  The statute also defines government as
8  including a "branch, department agency, instrumentality, and official (or other person acting
9  under color of law) of the United States, or of a covered entity." 42 U.S.C. § 2000bb-2.  The
10 stated purpose of enacting RFRA was to "restore the compelling interest test as set forth in
11 *Sherbert v. Verner*, 372 U.S. 398 (1963) and *Wisconsin v. Yoder*, 406 U.S. 205 (1972.)." 42
12 U.S.C. § 2000bb(1).  Accordingly, to bring a claim under RFRA, a "'substantial burden' is
13 imposed only when individuals are forced to choose between the following tenets of their
14 religion and receiving a government benefit (*Sherbert*) or coerced to act contrary to their
15 religious beliefs by the threat of civil or criminal sanctions (*Yoder*)." *Navajo Nation v. U.S.
16 Forest Service*, 535 F.3d 1058, 1070 (9th Cir. 2008).  In order to bring a prima facie case under
17 RFRA, Plaintiff must demonstrate that the "burden imposed on the exercise of religion" is that
18 which is "described by *Sherbert* and *Yoder*." *Id.*  Any burden that falls short of those
19 descriptions of a substantial burden "does not require the application of the compelling interest
20 test set forth in those two cases." *Id.*
21    Defendants argue that Plaintiff's FAC is "devoid of any allegation that Defendant
22 Lawrence's conduct constitutes a substantial burden of his religious exercise." (Defs.' Memo
23 of Ps & As in Supp. of MTD at 18.)  The Court disagrees.  In his FAC, Plaintiff claims that the
24 halal diet is one that "Muslims are required to eat under the Quaran" and the refusal by
25 Defendants to provide it renders "the exercise of a long established Islamic religious practice
26 effectively impractical." (FAC at ¶ 27.)  He also alleges that Defendant Lawrence refused to
27
28

provide halal meat. (*Id.* at ¶ 17.)[1] Based on the above, Plaintiff has alleged that the refusal to provide the halal diet has placed a substantial burden on his ability to exercise his religion.

Accordingly, Defendants' Motion to Dismiss Plaintiff's statutory claims under RFRA is **DENIED**.

### E. Free Exercise Claims

As the Court has dismissed Plaintiff's constitutional claims against Defendant CCA that arise under *Bivens*, the Court will only address Plaintiff's Free Exercise claims as it pertains to Defendant Lawrence. Defendants brief both the RFRA claim and the Free Exercise claim as though the standard is the same. That is not the case. Inmates retain their First Amendment rights to free exercise of religion while incarcerated. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *Bell v. Wolfish*, 441 U.S. 520, 545 (1979) (Prisoners "do not forfeit all constitutional protections by reason of their conviction and confinement in prison."). To warrant protection under the First Amendment, religious belief must only be "sincerely held" and "rooted in religious belief," rather than in secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (quotations omitted); *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981).

However, a prison regulation or official act may "impinge[ ] on inmates' constitutional rights ... if it is reasonably related to penological interests." *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008). Courts weigh four factors to determine whether a prison regulation is reasonably related to legitimate penological interests: (1) whether there is a valid rational connection between the prison regulation and the legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) whether accommodation of the asserted constitutional right will impact guards and other inmates or prison resources generally; and (4) whether there is an absence of ready alternatives versus the existence of obvious, easy alternatives. *Shakur*, 514 F.3d at 884 (citing *Turner v. Safely*, 482 U.S. 78, 89–90 (1987)). In conducting this analysis, courts are to

---

[1] Defendants have instructed the Court that Plaintiff attached exhibits to the copy of the FAC served on Defendants that were not attached to the FAC he filed with the Court. (*See* Defs.' Exhibit 1 in Supp. of MTD.) It is not clear whether Plaintiff made an oversight by failing to file these Exhibits with the Court. However, because Plaintiff did not attach these documents to the filing with the Court, they cannot be considered in this Motion to Dismiss. Plaintiff is cautioned that any further filing must include all documents served on Defendants.

give significant deference to the views of prison officials in light of the "inordinately difficult" nature of prison operation. *Turner*, 482 U.S. at 84-85. Moreover, while "[t]he exercise of discretion ... may produce seeming 'inconsistencies,' ... inconsistent results are not necessarily signs of arbitrariness or irrationality." *Thornburgh*, 490 U.S. at 416 n.15.

The first *Turner* factor, which the Ninth Circuit has indicated is the most important, *see Morrison v. Hall*, 261 F.3d 896, 901 (9th Cir. 2001), inquires into whether there is a "rational connection" between the regulation and the proffered governmental interest used to justify the regulation. *Turner*, 482 U.S. at 89. "[A] regulation cannot be sustained where the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational." *Id.* at 89-90.

Here, Plaintiff alleges that there is no penological reason to deny him a halal diet as other religious diets are accommodated by Defendants. *See* FAC at ¶ 29. Defendants offer no argument to rebut Plaintiff's assertion nor do they offer an argument at to the first *Turner* prong, that is, whether there is a rational basis used to justify the denial of a halal diet. Thus, the Court **DENIES** Defendant Lawrence's Motion to Dismiss Plaintiff's First Amendment Free Exercise claims.

### F. Equal Protection Claim

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Shaw v. Reno*, 509 U.S. 630 (1993). Prisoners are protected by the Equal Protection Clause from intentional discrimination on the basis of their religion. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997).

However, conclusory allegations of discrimination are insufficient to withstand a motion to dismiss, unless they are supported by facts that may prove invidious discriminatory intent or purpose. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

/ //

/ / /

1    Therefore, when an equal protection violation is alleged, the plaintiff must plead facts to
2 show that the defendant "acted in a discriminatory manner and that the discrimination was
3 intentional." *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted).
4 "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of
5 consequences.  It implies that the decision maker . . . selected or reaffirmed a particular course
6 of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an
7 identifiable group." *Personnel Adm'r of Mass. v. Feeney*,  442 U.S. 256, 279 (1979).

8    Defendants argue that Plaintiff's assumption that "Muslims and Jews are similarly
9 situated " is "theogically false."  (Defs.' Memo of Ps and As in Supp. of MTD at 21.)
10 Defendants argue that the reasons for the need for a special diet have different religious
11 meanings and they cite to an unpublished Massachusetts Court of Appeal case for this
12 proposition.  Plaintiff maintains that he requires a special diet because of his religious needs.
13 (FAC at ¶ 29.)  Plaintiff alleges that Jewish and Rastafarian detainees require a specialized diet
14 due to their religious needs.  (*Id.*)  Defendants argument that these groups are not similarly
15 situated fails as all three groups underlying requirements for a specialized diet rests solely on
16 their religious beliefs.  Thus, Plaintiff is "similarly situated" to Jewish and Rastafarian detainees.
17 Plaintiff claims that Defendants refuse to provide him with a religious diet to satisfy his Muslim
18 beliefs while accommodating other religious diets are sufficiently plead to state an Equal
19 Protection claim.  Accordingly, Defendant Lawrence's Motion to Dismiss Plaintiff's Equal
20 Protection claims is DENIED.

21    **G.    Injunctive Relief**

22    Defendants also seek dismissal of Plaintiff's claims for injunctive relief in light of the fact
23 that Plaintiff is no longer housed under the authority of the CCA.  The Court agrees and finds
24 that Plaintiff's claims are moot as he is no longer being detained nor has he shown that he is
25 likely to be detained under the authority of the CCA at any time in the future.  *See Andrews v.*
26 *Cervantes*, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007) (citing *Johnson v. Moore*, 948 F.2d 517,
27 519 (9th Cir. 1991) (per curiam) (claims for injunctive relief "relating to [a prison's] policies"
28 are moot when the prisoner has been moved and "he has demonstrated no reasonable expectation

of returning to [the prison]"). Plaintiff's claims for damages, however, are unaffected. *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1095-96 (9th Cir. 2004) (citations omitted).

## V.

### PLAINTIFF'S CLASS ACTION CLAIMS

Plaintiff purports to bring this matter as a class action on behalf of all other Muslim detainees who continue to be housed under the CCA. However, because Plaintiff is proceeding pro se, he has no authority to represent the legal interest of any other party. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party."). Here, while Plaintiff purports to bring this action on behalf of a class, he may not do so. Accordingly, Defendants' Motion to Dismiss Plaintiff's class action claims is **GRANTED**

## VI.

### REMAINING CLAIMS AND DEFENDANTS

While the Court must dismiss Defendant CCA from this action for lack of personal jurisdiction, it appears that it was an oversight by the Clerk of the Court who did not issue a summons when this Defendant was named in Plaintiff's First Amended Complaint. In the Court's Order below, the Clerk of Court will be directed to issue the appropriate summons and IFP package in order that CCA may be properly served by the U.S. Marshal's Service.

The claims that remain against CCA, following proper service, are Plaintiff's RFRA claims. The claims that remain against Defendant Lawrence are Plaintiff's RFRA, Free Exercise and Equal Protection claims. All other claims have been dismissed from this action without leave to amend. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

## VII.

### CONCLUSION AND ORDER

Based on the foregoing, the Court hereby:

1)    **DISMISSES** Defendants Schoenfelder, Soria, Smith, Mata, Berry, all CCA employees and Fuentes from this action. *See King,* 814 F.2d at 567.

2)    **GRANTS** Defendant CCA's Motion to Dismiss for lack of personal jurisdiction.

3)    **DISMISSES** Plaintiff's claims pursuant to the Federal Tort Claims Act pursuant to 28 U.S.C. § 1915(e)(2).

4)    **GRANTS** Defendants' Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 and § 1983 claims pursuant to FED.R.CIV.P. 12(b)(6).

5)    **GRANTS** Defendant CCA's Motion to Dismiss Plaintiff's claims brought pursuant to *Bivens*.

6)    **DENIES** Defendants' Motion to Dismiss Plaintiff's statutory claims brought pursuant to RFRA.

7)    **DENIES** Defendant Lawrence's Motion to Dismiss Plaintiff's Free Exercise and Equal Protection claims.

8)    **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims for injunctive relief as moot.

9)    **DISMISSES** Plaintiff's class action claims.

10)   Defendant Lawrence shall file and serve an Answer to the claims that remain in Plaintiff's First Amended Complaint within twenty one (21) days of the date this Order is "Filed" pursuant to FED.R.CIV.P. 12(a)(4)(A).

**IT IS FURTHER ORDERED** that:

11)   The Clerk shall issue a summons as to Plaintiff's First Amended Complaint upon Defendant **Corrections Corporation of America** and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a copy of this Order, the Court's March 1, 2011 Order granting Plaintiff leave to proceed IFP, and copies of his First Amended Complaint and the summons for purposes of serving Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package.

      Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

      12) Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: September 27, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge